```
J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff
Symantec Corporation

Joseph Teshome, an individual
and d/b/a Pronet Cyber Technologies
5810 Kingstowne Blvd., #743
Alexandria, Virginia 22315

Defendant, in pro se
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Symantec Corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br>Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies and Does 1 – 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. CV08-1619 RMW (RS)<br><br>JOINT STIPULATION FOR PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |

WHEREAS, Plaintiff Symantec Corporation ("Plaintiff"), having filed a Complaint in this action charging Defendant Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies ("Defendant") with liability for copyright and trademark infringement, and the Parties hereto desiring and having agreed to settle the controversy between them.

Plaintiff, by and through its counsel of record, and Defendant, *in pro se*, stipulate and agree as follows:

　　　　1.　That a [Proposed] Permanent Injunction and Dismissal With Prejudice ("Injunction") be entered in the form attached hereto as Exhibit A.

　　　　2.　Defendant stipulates not to appeal the Injunction entered pursuant to this Stipulation and hereby waives all rights to appeal from it. Defendant hereby waives any rights which he may have

to request or to have a new trial or any rights which he may have to otherwise challenge, directly or collaterally, the Injunction entered pursuant to the terms of this Stipulation, unless there is a breach by Plaintiff of the Release and Settlement Agreement and this Stipulation.

3. Defendant acknowledges that he has completely read the terms of this Stipulation and fully understands the terms and consequences of the Stipulation and Injunction.

4. The waiver by a party to this Stipulation of the performance of any covenant, condition or promise herein shall not invalidate this Stipulation nor shall any such waiver be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Stipulation.

5. This Stipulation may be amended or modified only by a written instrument signed by all the Parties.

6. The claims for relief, and each of them, alleged by Plaintiff against Defendant, shall be dismissed with prejudice.

7. This Stipulation shall be binding on and inure to the benefit of the Parties to it, their successors, heirs or assignees.

IT IS SO STIPULATED:

Dated: _____, 2008    J. Andrew Coombs, A Professional Corp.

By: _____
    J. Andrew Coombs
    Annie Wang
Attorneys for Plaintiff Symantec Corporation

Dated: _____, 2008    Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies

By: _____
    Joseph Teshome
Defendant, *in pro se*



A

J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Symantec Corporation

Joseph Teshome, an individual
and d/b/a Pronet Cyber Technologies
5810 Kingstowne Blvd., #743
Alexandria, Virginia 22315

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Symantec Corporation,<br><br>　　　　　　Plaintiff,<br>v.<br>Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies and Does 1 – 10, inclusive,<br><br>　　　　　　Defendants. | Case No. CV01619 RMW (RS)<br><br>[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |

　　　　The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Symantec Corporation ("Plaintiff") and Defendant Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies ("Defendant") in this action, and good cause appearing therefore, hereby:

　　　　ORDERS that based on the Parties' stipulation and only as to Defendant, his successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)　　　This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

Symantec v. Teshome: Proposed Perm. Inj. and Dismissal　　　- 1 - 

2)   Plaintiff is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits A and B attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3)   Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4)   Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

   a)   Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

      i)   Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

      ii)   Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

      iii)   Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

      iv)   Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5)   Each side shall bear its own fees and costs of suit.

6)   Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

_____
Hon. Ronald M. Whyte
Judge, United States District Court
for the Northern District of California

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
    J. Andrew Coombs
    Annie Wang
Attorneys for Plaintiff Symantec Corporation


Joseph Teshome, an individual
and d/b/a Pronet Cyber Technologies

By: _____
    Joseph Teshome
Defendant, in pro se

Symantec v. Teshome: Proposed Perm. Inj. and Dismissal     - 3 -

**EXHIBIT A**
**Copyright Registrations**

| Copyright Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| TX-4-715-125 | Ghost | Symantec Corporation |
| TX-4-715-126 | Ghost Explorer | Symantec Corporation |
| TX-4-715-127 | Ghost v. 4.0a | Symantec Corporation |
| TX-4-715-123 | Ghost 3.1a | Symantec Corporation |
| TX-4-715-124 | Ghost 5.0a | Symantec Corporation |
| TX-4-715-125 | Ghost 5.0e | Symantec Corporation |
| TX-6-361-699 | Ghost 9.0 | Symantec Corporation |
| TX-6-358-626 | Norton Ghost 10.0 | Symantec Corporation |
| TX-6-361-698 | Norton Ghost 2003 | Symantec Corporation |
| TX-4-739-697 | Norton AntiVirus v. 4.0 | Symantec Corporation |
| TX-4-832-174 | Norton AntiVirus v. 5.0 | Symantec Corporation |
| TX-4-908-397 | Norton AntiVirus v. 5.00.02 | Symantec Corporation |
| TX-5-704-654 | Norton AntiVirus | Symantec Corporation |
| TX-6-312-240 | Norton AntiVirus 2006 | Symantec Corporation |
| TX-3-343-741 | Symantec AntiVirus for Macintosh 3.0 | Symantec Corporation |
| TX-3-772-059 | Norton Utilities | Symantec Corporation |
| TX-4-396-091 | Norton Utilities for Windows 95 | Symantec Corporation |
| TX-4-421-276 | Norton utilities for Windows 95 v.2.0 | Symantec Corporation |
| TX-4-024-772 | Norton Utilities v. 7.0 | Symantec Corporation |
| TX-4-024-773 | Norton Utilities v. 8.0 | Symantec Corporation |
| TX-4-024-802 | Norton utilities Windows 95 | Symantec Corporation |
| TX-6-358-627 | pcAnywhere v.10.5 | Symantec Corporation |
| TX-6-358-628 | pcAnywhere v. 11.0 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-6-358-647 | pcAnywhere v. 12.0 | Symantec Corporation |
| TX-5-300-088 | pcAnywhere v. 9.0 | Symantec Corporation |
| TX-5-300-087 | pcAnywhere v. 9.2 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-5-382-105 | Goback v. 3.0 | Symantec Corporation |
| TX-5-382-108 | Goback RTL v. 222 | Symantec Corporation |
| TX-5-408-192 | Goback v. 3.04 | Symantec Corporation |
| TX-5-510-690 | Goback v. 3.03 | Symantec Corporation |
| TX-5-510-691 | Goback v. 3.0 | Symantec Corporation |
| TXu-1-060-557 | PartitionMagic 8.0 | Symantec Corporation |



## EXHIBIT B
## Trademark Registrations

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 1107115 | Ghost | Symantec Corporation |
| 2271088 | GoBack | Symantec Corporation |
| 2243057 | Live Update | Symantec Corporation |
| 1758084 | Norton AntiVirus | Symantec Corporation |
| 2488092 | Norton SystemWorks | Symantec Corporation |
| 1781148 | pcAnywhere | Symantec Corporation |
| 2205386 | Symantec | Symantec Corporation |
| 2540842 | Norton SystemWorks | Symantec Corporation |
| 1508960 | Norton Utilities | Symantec Corporation |
| 1981682 | PartitionMagic | Symantec Corporation |
| 1683688 | Symantec | Symantec Corporation |
| 1654777 | Symantec | Symantec Corporation |
| 3097024 | Symantec | Symantec Corporation |
| 3009890 | Symantec | Symantec Corporation |
| 3182978 | WinFax | Symantec Corporation |

EXHIBIT A

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On July 17, 2008, I served on the interested parties in this action with the:

- JOINT STIPULATION FOR PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE

for the following civil action:

<u>Symantec Corporation v. Joseph Teshome, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Mr. Joseph Teshome<br>d/b/a Pronet Cyber Technologies<br>5810 Kingstowne Blvd., #743<br>Alexandria, Virginia 22315 | |

Place of Mailing: Glendale, California
Executed on July 17, 2008, at Glendale, California

_____
Jeremy Cordero


J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Symantec Corporation

Joseph Teshome, an individual
and d/b/a Pronet Cyber Technologies
5810 Kingstowne Blvd., #743
Alexandria, Virginia 22315

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Symantec Corporation,<br><br>            Plaintiff,<br>      v.<br><br>Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies and Does 1 – 10, inclusive,<br><br>            Defendants. | Case No. CV08-1619 RMW (RS)<br><br>[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |

      The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Symantec Corporation ("Plaintiff") and Defendant Joseph Teshome, an individual and d/b/a Pronet Cyber Technologies ("Defendant") in this action, and good cause appearing therefore, hereby:

      ORDERS that based on the Parties' stipulation and only as to Defendant, his successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

2) Plaintiff is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits A and B attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3) Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4) Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

        iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5) Each side shall bear its own fees and costs of suit.

6) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

Symantec v. Teshome: Proposed Perm. Inj. and Dismissal     - 2 -

7) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

_____
Hon. Ronald M. Whyte
Judge, United States District Court
for the Northern District of California

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
    J. Andrew Coombs
    Annie Wang
Attorneys for Plaintiff Symantec Corporation


Joseph Teshome, an individual
and d/b/a Pronet Cyber Technologies

By: _____
    Joseph Teshome
Defendant, in pro se

# EXHIBIT A
## Copyright Registrations

| Copyright Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| TX-4-715-125 | Ghost | Symantec Corporation |
| TX-4-715-126 | Ghost Explorer | Symantec Corporation |
| TX-4-715-127 | Ghost v. 4.0a | Symantec Corporation |
| TX-4-715-123 | Ghost 3.1a | Symantec Corporation |
| TX-4-715-124 | Ghost 5.0a | Symantec Corporation |
| TX-4-715-125 | Ghost 5.0e | Symantec Corporation |
| TX-6-361-699 | Ghost 9.0 | Symantec Corporation |
| TX-6-358-626 | Norton Ghost 10.0 | Symantec Corporation |
| TX-6-361-698 | Norton Ghost 2003 | Symantec Corporation |
| TX-4-739-697 | Norton AntiVirus v. 4.0 | Symantec Corporation |
| TX-4-832-174 | Norton AntiVirus v. 5.0 | Symantec Corporation |
| TX-4-908-397 | Norton AntiVirus v. 5.00.02 | Symantec Corporation |
| TX-5-704-654 | Norton AntiVirus | Symantec Corporation |
| TX-6-312-240 | Norton AntiVirus 2006 | Symantec Corporation |
| TX-3-343-741 | Symantec AntiVirus for Macintosh 3.0 | Symantec Corporation |
| TX-3-772-059 | Norton Utilities | Symantec Corporation |
| TX-4-396-091 | Norton Utilities for Windows 95 | Symantec Corporation |
| TX-4-421-276 | Norton utilities for Windows 95 v.2.0 | Symantec Corporation |
| TX-4-024-772 | Norton Utilities v. 7.0 | Symantec Corporation |
| TX-4-024-773 | Norton Utilities v. 8.0 | Symantec Corporation |
| TX-4-024-802 | Norton utilities Windows 95 | Symantec Corporation |
| TX-6-358-627 | pcAnywhere v.10.5 | Symantec Corporation |
| TX-6-358-628 | pcAnywhere v. 11.0 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-6-358-647 | pcAnywhere v. 12.0 | Symantec Corporation |
| TX-5-300-088 | pcAnywhere v. 9.0 | Symantec Corporation |
| TX-5-300-087 | pcAnywhere v. 9.2 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-5-382-105 | Goback v. 3.0 | Symantec Corporation |
| TX-5-382-108 | Goback RTL v. 222 | Symantec Corporation |
| TX-5-408-192 | Goback v. 3.04 | Symantec Corporation |
| TX-5-510-690 | Goback v. 3.03 | Symantec Corporation |
| TX-5-510-691 | Goback v. 3.0 | Symantec Corporation |
| TXu-1-060-557 | PartitionMagic 8.0 | Symantec Corporation |

Symantec v. Teshome: Proposed Perm. Inj. and Dismissal      - 4 -

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 1107115 | Ghost | Symantec Corporation |
| 2271088 | GoBack | Symantec Corporation |
| 2243057 | Live Update | Symantec Corporation |
| 1758084 | Norton AntiVirus | Symantec Corporation |
| 2488092 | Norton SystemWorks | Symantec Corporation |
| 1781148 | pcAnywhere | Symantec Corporation |
| 2205386 | Symantec | Symantec Corporation |
| 2540842 | Norton SystemWorks | Symantec Corporation |
| 1508960 | Norton Utilities | Symantec Corporation |
| 1981682 | PartitionMagic | Symantec Corporation |
| 1683688 | Symantec | Symantec Corporation |
| 1654777 | Symantec | Symantec Corporation |
| 3097024 | Symantec | Symantec Corporation |
| 3009890 | Symantec | Symantec Corporation |
| 3182978 | WinFax | Symantec Corporation |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On July 17, 2008, I served on the interested parties in this action with the:

- [PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE

for the following civil action:

<u>Symantec Corporation v. Joseph Teshome, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Mr. Joseph Teshome<br>d/b/a Pronet Cyber Technologies<br>5810 Kingstowne Blvd., #743<br>Alexandria, Virginia 22315 | |

Place of Mailing: Glendale, California
Executed on July 17, 2008, at Glendale, California

_____
Jeremy Cordero